UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CIVIL DIVISION

UNITED STATES OF AMERICA,

       Petitioner,

vs.

NEAL KROUSE,

       Respondent.
_____/

PETITION TO ENFORCE INTERNAL
REVENUE SERVICE SUMMONS

    The United States of America, by its attorney, Wifredo A. Ferrer, United States Attorney in and for the Southern District of Florida, avers to this Court as follows:

I

    This proceeding for enforcement of Internal Revenue Service summonses is brought pursuant to Sections 7402(b) and 7604(a) of the Internal Revenue Code of 1986 (26 U.S.C.). This Court has jurisdiction of this action pursuant to 26 U.S.C. Sections 7402(b) and 7604(a), and 28 U.S.C. Sections 1340 and 1345.

II

T. Janis, a revenue officer employed in Small Business\Self-Employed Division, South Atlantic Area of the Internal Revenue Service in Plantation, Florida. The revenue officer is authorized to issue Internal Revenue Service summonses pursuant to the authority contained in 26 U.S.C. Section 7602.

III

The respondent, Neal Krouse, can be found at 16825 Isle of Palms Drive, Delray Beach, Florida 33484, which is within the jurisdiction of this Court.

IV

Revenue Officer T. Janis is conducting an investigation for the purpose of determining the current financial status of Neal Krouse in connection with the collection of the Federal income tax liabilities (Form 1040) of Neal Krouse for the taxable years ended December 31, 2004 and December 31, 2005; and information and documents pertaining to an outstanding Federal Income Tax Return (Form 1040) for the taxable year ended December 31, 2007, as set forth in the declaration of Revenue Officer T. Janis, which is attached hereto and incorporated herein by reference as Exhibit "A".

V

As part of the investigation on November 15, 2007, Revenue Officer T. Janis issued an Internal Revenue Service summons (Form 6637) and on July 24, 2008, Revenue Officer T. Janis issued an Internal Revenue Service summons (Form 6638) to Neal directing him to appear before the Revenue Officer T. Janis on December 14, 2007 and August 15, 2008, respectively, to give testimony and to produce for examination certain books, records, papers or other data, as described in said summons.  On November 15, 2007 and July 24, 2008, Revenue Officer T. Janis left attested copies of the summonses at the respondent's last and usual place of abode. The summonses are attached to the revenue officer's declaration as Exhibits A-1 and A-2 and are incorporated herein by this reference.

VI

Respondent was given an extension to August 22, 2008 to comply with the summonses.  On August 22, 2008, the respondent did not appear.

On July 2, 2009, Counsel for the Internal Revenue Service sent a letter to the respondent directing him to appear on August 31, 2009 with respect to Form 6637.  A copy of the letter is attached hereto as Exhibit A-3.  On August 31, 2009, the

3

respondent did not appear and has not provided information and documents as requested by the summons.

On November 26, 2008, Counsel for the Internal Revenue Service sent a letter to respondent directing him to appear on December 10, 2008 with respect to Form 6638. A copy of this letter is attached hereto as Exhibit A-4. On December 10, 2008, the respondent did not appear and has not provided information and documents as requested by the summons. The respondent's refusal to comply with the summonses continues through date of compliance.

VII

Information, books, records, papers, and other data, which may be relevant and material to the investigation, are in the possession, custody or control of the respondent.

VIII

The books, papers, records, or other data sought by the summonses are not already in possession of the Internal Revenue Service.

IX

The Internal Revenue Service does have information related to a (1) Statement for Recipients of Proceeds from Real Estate Brokers and Barters Exchange Transactions (Form 1099-B), a Mortgage Interest Statement (Form 1098) and a Retirement or

4

Profit-Sharing Plans, IRA's, Insurance Contracts, etc. (Form 1099-R) for taxable year ended December 31, 2007. On June 10, 2009, the Internal Revenue Service did receive bank statements, cancelled checks, and deposit slips from TD Bank. This information is insufficient to make a determination as to respondent's Federal individual income tax liability (Form 1040) for tax year 2007.

X

It is necessary and relevant to obtain the testimony and to examine the books, records, papers, or other data sought by the summonses, in order to complete the investigation for the purpose of determining the current financial status of Neal Krouse in connection with the collection of the Federal income tax liabilities (Form 1040) of Neal for the taxable years ended December 31, 2004 and December 31, 2005; and information and documents pertaining to an outstanding Federal Income Tax Return (Form 1040) for the taxable year ended December 31, 2007.

XI

A Justice Department referral, as defined by Section 7602(d)(2) of the Internal Revenue Code of 1986 (26 U.S.C.), is not in effect with respect to Neal Krouse for the tax years under investigation.

XII

All administrative steps as required by the Internal Revenue Code for the issuance of the summonses have been followed.

WHEREFORE, the petitioner respectfully prays:

1. That this Court enter an order directing respondent, Neal Krouse, to show cause, if any, why he should not comply with, and obey, the aforementioned summonses in each and every requirement thereof; and

2. That the Court enter an order directing respondent, Neal Krouse, to obey the aforementioned summonses and each and every requirement thereof by ordering the attendance, testimony, and production of the books, papers, records, or other data as is required and called for by the terms of the summonses before Revenue Officer T. Janis or any other proper officer or employee of the Internal Revenue Service; and

3. That this Court further order that petitioner be given thirty days (30) from the date of the Order within which to serve respondent with the same; and

4. That the United States recover its costs in maintaining this action; and

5.   That this Court grants such other and further relief as is just and proper.

                                WIFREDO A. FERRER
                                United States Attorney

By:   *s/ Marilynn K. Lindsey*
      Marilynn K. Lindsey
      Assistant U.S. Attorney
      Fla. Bar NO.: 230057
      500 E. Broward Blvd., Ste. 700
      Ft. Lauderdale, FL  33394
      Marilynn.Lindsey@usdoj.go